**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER KLEIDMAN, | No. 23-55128 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-03263-CJC-JDE |
| v. | |
| AUDREY B. COLLINS, Justice; THOMAS L. WILLHITE, Jr., Justice; BRIAN S. CURREY, Justice, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 20, 2024[**]

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Peter Kleidman appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action arising out of state court proceedings.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Meland v. WEBER*, 2 F.4th 838, 843 (9th Cir. 2021) (lack of standing); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (Eleventh Amendment immunity). We affirm.

The district court properly dismissed Count 1 of Kleidman's amended complaint as barred by the Eleventh Amendment. *See Munoz v. Superior Ct. of L.A. County*, 91 F.4th 977, 981 (9th Cir. 2024) ("[S]tate court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.").

The district court properly dismissed Counts 3 and 4 of Kleidman's amended complaint because Kleidman failed to allege facts sufficient to establish Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," causation, and redressability, and "the injury has to be fairly . . . trace[able] to the challenged action of the defendant" as opposed to "the independent action of some third party not before the court" (internal quotation marks omitted)); *San Diego County Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022-23 (9th Cir. 2023) (explaining that a party seeking declaratory relief must demonstrate Article III standing).

The district court did not abuse its discretion by dismissing without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide*

*Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile). To the extent that Kleidman seeks leave from this court to amend his complaint, the request is denied.

**AFFIRMED.**